UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LASHAUN WEST**

    **Plaintiff,**

                              Case Number:

v.

**FLORIDA AUTISM CENTER, LLC**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, LaShaun West, by and through her undersigned counsel, hereby brings this action for the recovery of damages and other relief against Defendant, Florida Autism Center, LLC, pursuant to the Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681b (the "FCRA"). Plaintiff further alleges as follows:

Parties

2. Plaintiff, LaShaun West, is a qualified woman who was employed by Defendant in Florida and worked for Defendant in Florida.

3. Defendant, Florida Autism Center, is a domestic, for-profit organization that hired Plaintiff in Florida and employed Plaintiff in Florida.

4. Florida Autism Center LLC., provides treatment based on the principles of applied behavior analysis and emphasizes early intensive and individualized behavioral intervention.

Jurisdiction

5. This action is brough pursuant to 15 U.S.C. § 1681b, therefore, this is a matter of federal question.

6. Defendant employed Plaintiff in Lake Mary, Florida and has availed itself of the privileges and benefits of working in Florida.

7. Defendant is a foreign for-profit corporation that operates and conducts business in, among others, Seminole County, Florida, and is therefore, within the jurisdiction of the Court.

8. Defendant maintains several offices in Seminole County, Florida.

Facts

9. Defendant maintains location in Lake Mary, Florida where Defendant provides behavioral therapy to individuals with autism.

10. Defendant's principal address is 300 International Parkway, Suite 200, Lake Mary, Florida 32746.

11. Plaintiff worked for Defendant as administrative operations manager from approximately December 2, 2019 through December 17, 2019.

12. Prior to Plaintiff's hire, Defendant sought to obtain a consumer report on Plaintiff.

13. Defendant hired Plaintiff and allowed Plaintiff to begin working before Plaintiff's consumer report was completed.

14. During Plaintiff's employment, Defendant received the results of Plaintiff's consumer report.

15. Upon receipt of Defendant's consumer report, Defendant immediately terminated Plaintiff's employment with extreme prejudice and without notice.

16. Defendant terminated Plaintiff's employment based on the contents of Plaintiff's consumer report.

17. Defendant did not provide Plaintiff with a copy of her consumer report prior to terminating Plaintiff's employment.

18. Defendant did not provide Plaintiff with an opportunity to contest her consumer report or to provide any corrections or supplemental information to her consumer report prior to her termination.

19. Defendant did not give Plaintiff the name, address, and phone number of the company that supplied the consumer report.

20. Defendant did not give Plaintiff a statement that the company that supplied the information contained in the consumer report did not make the decision to take the adverse action and can't give Plaintiff any specifics about the termination.

21. Defendant did not give Plaintiff a notice of her right to dispute the accuracy and completeness of the information in her consumer report.

22. Instead, Defendant terminated Plaintiff without giving Plaintiff any opportunity to address the information in the consumer report.

23. Defendant is obligated, under the Fair Credit Reporting Act, to provide Plaintiff with an opportunity to review and contest her consumer report prior to terminating Plaintiff's employment because of the consumer report.

24. Plaintiff was damaged financially and emotionally by Defendant when Defendant terminated her employment.

## COUNT I – NEGLIGENCE

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25.

26. Plaintiff was employed by Defendant.

27. As a condition of employment, Defendant conducted a background check on Plaintiff and requested a consumer report during that process.

28. Defendant received the results of the consumer report from a consumer reporting agency.

29. Defendant terminated Plaintiff's employment based on the results of the consumer report.

30. Defendant had a duty to provide Plaintiff with a copy of her consumer report before terminating her employment.

31. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with a copy of her background check prior to terminating Plaintiff.

32. Defendant had a duty to provide Plaintiff with a summary of her rights under the FCRA prior to terminated her employment.

33. Defendant breached that duty and violated 15 U.S.C. § 1681 when it terminated Plaintiff's employment before giving her a summary of her rights.

34. Defendant had a duty to provide Plaintiff with the name and telephone number of the consumer reporting agency that furnished the report to Defendant.

35. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with the name and telephone number of the consumer reporting agency that furnished the report to Defendant.

36. Defendant had a duty to inform Plaintiff that the consumer reporting agency did not take the adverse action against Plaintiff.

37. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not provide Plaintiff with a statement that the consumer reporting agency did not take the adverse action.

38. Defendant had a duty to inform Plaintiff of her right to obtain a free copy of her consumer report.

39. Defendant breached that duty and violated 15 U.S.C. § 1681 when did not inform Plaintiff of her right to obtain a free copy of her consumer report.

40. Defendant had a duty o inform Plaintiff of her right to dispute the accuracy of the consumer report obtained by Defendant.

41. Defendant breached that duty and violated 15 U.S.C. § 1681 when it did not inform Plaintiff of her right to dispute the accuracy of completeness of the information in the consumer report.

42. Plaintiff was damaged financially and emotionally by Defendant's termination of her employment.

WHEREFORE, Plaintiff demands trial by jury and judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages, back pay, front pay, attorney's fees, costs, and such other further relief as this Court deems just and proper.

DATED this 19th day of February, 2021.

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321

LEE LAW, PLLC
1971 west Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
